UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICHARD JACOBIK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | Case No. 17-cv-05121-LB<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>Re: ECF No. 52 |

## INTRODUCTION

The Jacobiks sued their mortgage lender Wells Fargo after Wells Fargo began foreclosure proceedings on their home. They raise five claims: (1) Wells Fargo initiated foreclosure proceedings while their first-lien loan-modification application was pending (a process called "dual tracking") and did not provide them with the net-present-value ("NPV") evaluation that it used to deny their loan-modification application, in violation of the California Homeowner Bill of Rights ("HBOR"), California Civil Code § 2923.6(e)(2) and (f)(3); (2) Wells Fargo did not establish a single point of contact ("SPOC"), in violation of HBOR, California Civil Code § 2923.7; (3) Wells Fargo negligently processed their loan-modification application; (4) Wells Fargo's omissions violate California's Unfair Competition Law, California Business and Professions Code § 17200 et seq.; and (5) Wells Fargo failed to contact them before filing a Notice of Default, in violation of HBOR, California Civil Code § 2923.5.

ORDER – No. 17-cv-05121-LB

Wells Fargo moves to dismiss the Jacobiks' first and second claims. The court has dismissed these claims twice before. *Jacobik v. Wells Fargo Bank, N.A.*, No. 17-cv-05121-LB, 2017 WL 5665666, at *3–8 (N.D. Cal. Nov. 26, 2017) (*Jacobik I*); *Jacobik v. Wells Fargo Bank, N.A.*, No. 17-cv-05121-LB, 2018 WL 1184812, at *3–7 (N.D. Cal. Mar. 7, 2018) (*Jacobik II*). The Jacobiks' Second Amended Complaint ("SAC") — which changes only six sentences from their last pleading[1] — does not cure the deficiencies the court identified in its prior orders dismissing these claims from the Jacobiks' First Amended Complaint ("FAC"). The court grants Wells Fargo's motion and dismisses these claims. As further amendment would be futile, this partial dismissal is with prejudice.

## STATEMENT[2]

The factual allegations here are largely the same as those in the Jacobiks' two earlier complaints, which the court discussed in its prior orders. *Jacobik I*, 2017 WL 5665666, at *1–2; *Jacobik II*, 2018 WL 1184812, at *1–2. The court recounts them once again briefly here.

In March 2007, the Jacobiks took out at $631,200 mortgage loan from Wells Fargo on their home in Dublin, California.[3] In 2014, the Jacobiks defaulted on their loan.[4] In February 2017, the Jacobiks "experienced [a] significant change in their financial situation" and submitted an application to Wells Fargo to modify their loan, requesting an alternative to foreclosure.[5]

The Jacobiks allege in their SAC that Wells Fargo "failed to assign a single point of contact," that it instead "shuffled [them] from one representative to another every time they called to check on the status of [their] application," and that "[n]one of the SPOCs were aware of the current

---

[1] Blackline of SAC Against FAC ("Blackline") – ECF No. 46-1 at 11, 15. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Unless otherwise noted, the fact allegations in the Statement are from the SAC.

[3] SAC – ECF No. 46 at 2 (¶ 1), 8 (¶¶ 24–25).

[4] *Id.* at 9 (¶ 31). The Jacobiks had also defaulted previously in 2012, but they were later able to make their missed payments and bring their account current. *Id.* (¶¶ 27, 30).

[5] *Id.* (¶ 33).

status of Plaintiffs' file, kept asking the same information and would inform Plaintiffs that they will review the file and get back to [them]."[6] The Jacobiks slightly alter the wording of their allegations: in their last complaint, they alleged, "WELLS lost the documents Plaintiffs sent them," whereas now, they allege, "Plaintiffs believe and thereon allege that WELLS representatives mishandled and lost Plaintiffs' documents."[7]

In March 2017, Wells Fargo denied the Jacobiks' loan-modification application.[8] Wells Fargo's denial letter stated that the Jacobiks did not qualify for a loan modification based on the result of their net-present-value evaluation.[9] The Jacobiks timely appealed and asked Wells Fargo for the data inputs used to determine their NPV and determine their eligibility for a loan modification.[10] Wells Fargo denied their appeal.[11] Wells Fargo has never provided the Jacobiks with their NPV inputs.[12] The Jacobiks add two new assertions in their amended complaint: (1) "Plaintiffs believe and thereon allege that WELLS representatives mishandled and lost Plaintiffs' documents," and (2) "[a]s a result of WELLS' SPOCS losing Plaintiffs' documents, Plaintiffs believe and thereon allege that WELLS did not properly review Plaintiffs' LMA."[13]

The Jacobiks allege that their property was scheduled for a foreclosure sale on September 19, 2017.[14] (It appears that this sale has not taken place, as the Jacobiks continue to reside in the property.[15])

---

[6] *Id.* at 9–10 (¶¶ 34–35).

[7] *Id.* at 10 (¶ 38); *see* Blackline – ECF No. 46-1 at 11.

[8] SAC – ECF No. 46 at 10 (¶ 37).

[9] *Id.* (¶¶ 37, 40).

[10] *Id.* (¶ 41).

[11] *Id.* (¶ 42).

[12] *Id.* at 10–11 (¶¶ 41–43).

[13] *Id.* at 10 (¶¶ 38–39); Blackline – ECF no. 46-1 at 11.

[14] SAC – ECF No. 46 at 11 (¶ 47).

[15] *See id.* at 8 (¶ 25).

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

If a court dismisses a complaint, it ordinarily will grant leave to amend, but "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (citing *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983)).

## ANALYSIS

### 1. Net-Present-Value Inputs

As the court explained in its last order, the Jacobiks' claim — that Wells Fargo violated California Civil Code § 2923.6(f)(3) by not providing them with the NPV inputs it used in denying

their application — must be dismissed, because the Legislature has repealed Section 2923.6(f)(3), and that repeal necessarily terminates the Jacobiks' claim. *Jacobik II*, 2018 WL 1184812, at *3–6. The Jacobiks argue that California Civil Code § 2924.11(b) requires a mortgage servicer to "identify[] with specificity the reasons for the denial." Wells Fargo identified that the reasons for its denial of the Jacobiks' loan-modification application: their NPV evaluation. Section 2924.11(b) does not require Wells Fargo to provide the Jacobiks with NPV inputs.

The Jacobiks argue, in essence, that the "with specificity" requirement of Section 2924.11(b) should be read as imposing the same NPV-input requirement as the now-repealed Section 2923.6(f)(3). But it is a basic rule of statutory interpretation that "the Legislature intends to change the meaning of a law when it alters the statutory language, as for example when it deletes express provisions of the prior version." *Id.* at *4 (quoting *Charton v. Harkey*, 247 Cal. App. 4th 730, 741 (2016)). As the court previously explained, "[t]he Legislature's choice here to repeal Section 2923.6(f)(3) and its explicit references to NPV inputs and replace it with a statute that makes no mention of NPV inputs suggests that the Legislature did not intend to save Section 2923.6(f)(3)'s statutory rights to NPV inputs after its repeal in 2018." *Id.* Section 2924.11(b)'s "with specificity" language "cannot logically be read as necessarily imposing a requirement on mortgage servicers to provide NPV inputs, given the Legislature's express repeal of the NPV-input statutory language that was found in Section 2923.6(f)(3), and given the maxim that 'significant differences in language, strongly suggest[] that the Legislature intended to change the law.'" *Id.* at *4 n.17 (quoting *Charton*, 247 Cal. App. 4th at 741).

The Jacobiks say that terminating their Section 2923.6(f)(3) claim "is directly contrary to the legislature's intentions of enacting HBOR."[16] As the court previously explained, however, the Legislature also expressly intended many HBOR protections to expire after 2017. *Id.* at *5. The fact that the Jacobiks' Section 2923.6(f)(3) claim was terminated is by legislative design. Any appeal from any purported "inequity" on this issue must be made to the Legislature, not the courts. *Id.* at *6 & n.19. This claim must be dismissed.

---

[16] Pls.' Opp'n – ECF No. 56 at 13.

### 2. Trustee's Sale

As the court explained in its last order, the Jacobiks' claim regarding the trustee's sale fails even under the pre-2018 version of Section 2923.6, because they do not allege that Wells Fargo actually conducted a trustee's sale. *Jacobik II*, 2018 WL 1184812, at *6. Scheduling a sale does not constitute conducting a sale for the purposes of Section 2923.6(e)(2). *Id.* (citing *Sheng v. Select Portfolio Servicing, Inc.*, No. 2:15-cv-0255-JAM-KJN, 2015 WL 4508759, at *2 (E.D. Cal. July 24, 2015)). The cases the Jacobiks cite in their opposition — the same ones they cited on their last go-around — were inapplicable then and are still inapplicable now. *Foronda v. Wells Fargo Home Mortgage, Inc.*, No. 14-CV-03513-LHK, 2014 WL 6706815 (N.D. Cal. Nov. 26, 2014) involved a trustee sale that was only stopped on the day of the sale because the borrower filed for bankruptcy at 8:01 a.m. that morning. *Id.* at *6. Nothing similar is alleged here. *Copeland v. Ocwen Loan Servicing, LLC*, No. CV 13-05708 GAF (FFMx), 2014 WL 304976 (C.D. Cal. Jan. 3, 2014) and *Nardolillo v. JPMorgan Chase Bank, N.A.*, No. 16-cv-05365-WHO, 2017 WL 1493273 (N.D. Cal. Apr. 26, 2017), involved defendants recording notices of sale and did not involve, much less interpret, the separate "conduct[ing] a trustee's sale" portion of Section 2923.6(e)(2). *Copeland*, 2014 WL 304976, at *5; *Nardolillo*, 2017 WL 1493273, at *5. They therefore do not support the Jacobiks' claim here. This claim must be dismissed.

### 3. Single Point of Contact

As the court explained in its last order, "[a] violation of section 2923.7 must be material to support a claim." *Jacobik II*, 2018 WL 1184812, at *7 (quoting *Jacobik I*, 2017 WL 5665666, at *8). The court previously twice dismissed this claim, because the Jacobiks did not allege how the alleged SPOC violation ultimately affected their ability to submit a completed loan application. The Jacobiks' new allegations do not change this analysis: the Jacobiks "do[] not allege any injury flowing from not being able to speak with the same person or team of persons, and the allegations of the complaint do not plausibly lead to the inference that [they] w[ere] prejudiced as a result of

not having a SPOC." *Cf. Palma v. Select Portfolio Servicing, Inc.*, No. 2:16-cv-00633-KJM-CKD, 2017 WL 1364667, at *6 (E.D. Cal. Apr. 14, 2017). This claim must be dismissed.[17]

**CONCLUSION**

The court grants Wells Fargo's motion and dismisses the Jacobiks' first and second claims (their Section 2923.6 and Section 2923.7 claims). Given that the Jacobiks have had three chances and have failed three times to plead cognizable Section 2923.6 or Section 2923.7 claims, the court finds that further amendment would be futile and dismisses these claims with prejudice.

**IT IS SO ORDERED.**

Dated: May 21, 2018

LAUREL BEELER
United States Magistrate Judge

---

[17] The Jacobiks argue that "WELLS' representatives mishandled and lost Plaintiffs' documents." Pls.' Opp'n – ECF No. 56 at 14. That may go to the Jacobiks' negligence claim, which the court has allowed to go forward. *Jacobik II*, 2018 WL 1184812, at *7. But whether Wells Fargo lost the Jacobiks' documents is a separate question from whether Wells Fargo's alleged loss of documents flowed from the lack of a SPOC. *Cf. Palma*, 2017 WL 1364667, at *6. The Jacobiks do not make non-conclusory allegations on that latter issue.